UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RHYIAN SZPILA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 22-2050 |
| | ) |
| JOHN JUERGENS, *et al.* | ) |
| | ) |
| Defendants. | ) |

## SUMMARY JUDGMENT ORDER

Plaintiff, proceeding pro se and presently detained at Jerome Combs Detention Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging Fourteenth Amendment claims for inhumane conditions of confinement and failure to protect. The matter comes before this Court for ruling on the Defendant's Motion for Summary Judgment. (Doc. 17). The motion is granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## FACTS[1]

Plaintiff was detained at Jerome Combs Detention Center ("jail"). Defendant Juergens was a corrections officer at the jail. UMF 1, 2.

From February 2-17, 2022, jail officials housed Plaintiff in a cell with a faucet that had poor water pressure and no hot water. UMF 3, 9. Plaintiff had access to the dayroom sink four hours per day and cups so that he could save water to drink when confined to his cell. UMF 6, 12-14. Unidentified jail officials denied his request to leave his cell during lockdowns to get water. UMF 15.

Plaintiff filed a grievance on February 15, 2022, regarding the faucet. UMF 24. Defendant Juergens submitted a request for a work order the same day, and again the next day, as did other jail officials. UMF 26, 30-31. Jail officials issued a work order on February 16, 2022; a maintenance worker fixed the faucet on February 17, 2022. UMF 32-33. Plaintiff had no further issues. UMF 33.

Plaintiff testified that Defendant Juergens, who is white, told him on February 15 and 16, 2022, respectively, that there was "no white privilege" at the jail. UMF 16, 19, 28. Plaintiff believed the statements placed him and other white people in harm's way because he had heard that some inmates believe jail officials are racist. UMF 20. Plaintiff testified that he had no issues with other detainees, they never threatened him, and no incidents resulted from these statements. UMF 22-23. Plaintiff was not physically harmed at any time. UMF 34.

---

[1] Plaintiff did not respond to Defendant's motion for summary judgment despite being warned of the consequences for failure to do so. The Court considers the facts asserted in Defendant's motion as undisputed for purposes of this ruling. Fed. R. Civ. P. 56(e)(2).

## ANALYSIS

### Denial of Water

Detainee claims alleging inhumane conditions of confinement arise under the Fourteenth Amendment's due process clause. *Hardeman v. Curran*, 933 F.3d 816, 821-22 (7th Cir. 2019). To prevail, a plaintiff must show that (1) the conditions were objectively serious and (2) that the official deliberately or recklessly responded in a way that was objectively unreasonable. *Id.* at 827 (Sykes, J., concurring); *Williams v. Ortiz*, 937 F.3d 936, 942-943 (7th Cir. 2019).

The objective reasonableness inquiry "requires courts to focus on the totality of the facts and circumstances faced by the individual alleged to have [violated the plaintiff's constitutional rights] and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *McCann v. Ogle Cty., Ill.*, 909 F.3d 881, 888 (7th Cir. 2018). Liability attaches only where the official "acted purposefully, knowingly, or perhaps even recklessly" when taking the actions at issue—negligence, or even gross negligence, will not suffice. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018). Courts must afford deference to jail officials' decisions regarding the best ways to achieve legitimate penological goals. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015).

Plaintiff had access to the sink in the dayroom four hours per day and cups to bring water into his cell during lockdowns. Plaintiff does not assert that jail officials denied him adequate amounts of water throughout the day, and his allegations permit only the inference that jail officials refused to let him out of his cell upon his request. Once made aware of the faucet issue, Defendant Juergens and other jail officials made repeated requests for work orders until maintenance workers fixed the sink two days later.

The Court finds that no reasonable juror could conclude that Plaintiff suffered the requisite deprivation or that jail officials' responses were objectively unreasonable.

### Failure to Protect

To prevail on a failure-to-protect claim, a detainee must show that (1) he faced conditions that presented a substantial risk of serious harm; and (2) that the official's actions were objectively unreasonable. *Kemp v. Fulton Cty.*, 27 F.4th 491, 496-97 (7th Cir. 2022).

Plaintiff concedes that he got along with other detainees at the jail, and that no threats of harm resulted from Defendant Juergens' statements. The content of the statements and the limited context the parties provide does not permit a reasonable inference that Plaintiff received special treatment from Defendant Juergens, that Plaintiff would be targeted because of it, or that detainees labeled as racist faced a greater risk of harm. The Court finds that no reasonable juror could conclude that Plaintiff faced a substantial risk of serious harm.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment [17] is GRANTED. The clerk of the court is directed to enter judgment in favor of Defendant and against Plaintiff. All pending motions not addressed below are denied as moot, and this case is terminated. Plaintiff remains responsible for the $350.00 filing fee.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); see also *Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to**

**appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 9th day of May, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
